## TANNERY v. SIMS.
### Civil Action No. 289.

District Court, W. D. Louisiana, Shreveport Division.

April 23, 1943.

J. B. Crow of Shreveport, La., for plaintiff.

F. D. Culbertson and J. E. Bolin, both of Minden, La., for defendant.

DAWKINS, District Judge.

Alleging himself to be the owner of letters patent No. 1,827,858, plaintiff sues for infringement. The petition charges that for the "past six or seven years", defendant has "been and still is infringing" the patent "by making, selling and using mattresses with and in mattress boxes embodying said patent invention, and will continue to do so unless enjoined * * *".

Further, that:

"Defendant has also, for the past six years or more, been further infringing plaintiff's rights by using plaintiff's label, Dorothy Mae Mattress, on the mattresses manufactured, sold and used by defendant.

"Defendant, during said period of time, has manufactured, sold and used many of said mattresses, and is using the boxes embodying the patent invention of plaintiff, and has advertised, used and sold same under plaintiff's patent label, Dorothy Mae Mattress, and has thereby caused loss and damage to plaintiff in profits and damages * * *".

Plaintiff claims damages in the sum of $15,000.

The case was tried on very brief oral evidence March 19, 1941, which was not recorded stenographically, and at the time the court called attention of counsel to the fact that it would be difficult to comprehend the contentions of the parties, and that some help might be afforded by having photographs made of defendant's structure. Almost twenty months later, on December 3, 1942, photographs were taken and filed with the record, which was transmitted by the Clerk to the Court. No briefs have been filed by either side or other assistance given to aid the court in arriving at the facts or determining the law. After this long delay, it is utterly impossible for the court to remember any substantial part of the oral testimony. The pleadings are very vague as disclosed by the above quotations. The registered trade-mark, although offered in evidence at the time, is only inferentially referred to by the charge that the defendant had been manufacturing and selling mattresses contrary to the "patent invention" and "has advertised, used and sold same under plaintiff's patent label 'Dorothy Mae' ".

The patent has some four separate claims, but the petition makes no effort to allege or to distinguish as to whether one or all of them have been infringed, and the case is in such unintelligible shape that it

can not be acted upon by this court. **The** photographs, after this long lapse of time, are of little aid, in view of the failure to have any record made of the oral evidence, or of counsel on either side to furnish briefs.

Under the circumstances the court is justified in dismissing the case as of nonsuit.

Proper decree should be presented.